Memorandum. The record contains no evidence of a title insurance contract, as alleged in the complaint, or of any agreement to insure, as suggested on the trial. The witnesses to any contractual arrangement presumably would be plaintiff’s attorney, Mr. Rich, and defendant’s approved attorney, Mr. Rosen. Mr. Rich did not testify to any express agreement or, indeed, to any conversation with Mr. Rosen pertinent to that issue, and Mr. Rosen did not testify at all.
*741 The report on title did not, on its face, evidence coverage, and this without regard to the uncontradicted proof that the report was never transmitted to defendant. Neither did plaintiff’s proof of two prior transactions serve to give the report the effect plaintiff claims for it, inasmuch as defendant on each prior occasion issued a binder and, importantly, there was no evidence whatsoever that on either occasion the lender was afforded coverage (such as plaintiff claims followed the issuance of the report in this case) during the period between the delivery to him of the report and the issuance of the binder.
The order appealed from should be reversed and the complaint dismissed, with costs.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Order reversed, with costs, and complaint dismissed in a memorandum.